An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

TERRENCE TERRELL HATCHER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64224

**FILED**

APR 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

TERRENCE TERRELL HATCHER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64225

## ORDER OF AFFIRMANCE

These are appeals from a judgment of conviction, pursuant to an *Alford* plea, of burglary. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge. We elect to consolidate these appeals for disposition. *See* NRAP 3(b)(2).

Appellant Terrence Terrell Hatcher contends that the district court erred by denying his presentence motion to withdraw his *Alford* plea because counsel was ineffective for failing to "have a meaningful discussion about the consequences of his plea" with him. In his motion filed below, Hatcher specifically claimed that he was not properly advised and, based in part on being under the influence of unknown medications given to him at the Clark County Detention Center, did not fully understand the following provision in the guilty plea agreement: "I understand and agree that, if . . . an independent magistrate, by affidavit review, confirms probable cause against me for new criminal charges . . . I

SUPREME COURT
OF
NEVAOA

(O) 1947A

14-11406

STIPULATE to treatment as a LARGE HABITUAL CRIMINAL pursuant to NRS 207.010."[1] As a result of counsel's deficient performance, Hatcher claims that his plea was not entered knowingly, voluntarily, or intelligently. We disagree.[2]

"District courts may grant a motion to withdraw a guilty plea prior to sentencing for any substantial, fair, and just reason." *Crawford v. State*, 117 Nev. 718, 721, 30 P.3d 1123, 1125 (2001); *see* NRS 176.165. Here, the district court conducted a hearing, heard argument from Hatcher's counsel, and denied the motion. The district court stated "[t]here was no indication" that Hatcher "was out of it from any kind of medication" during his arraignment and plea canvass. The district court also found that the terms of the plea agreement, including specifically the provision detailing the stipulation in question, were "explained to him at length." Our review of the record reveals that Hatcher failed to either provide a substantial, fair, and just reason which required the withdrawal of his plea, *see Crawford*, 117 Nev. at 721, 30 P.3d at 1125, or demonstrate that counsel's performance was deficient, *see Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Missouri v. Frye*, 566 U.S. ___, ___, 132 S. Ct. 1399, 1405-06 (2012); *Lafler v. Cooper*, 566 U.S. ___, ___, 132 S.

---

[1]At his sentencing hearing, Hatcher was adjudicated as a *small* habitual criminal and ordered to serve a prison term of 72-240 months.

[2]Hatcher also claims that his plea was invalid because "counsel failed to file essential motions or filed motions late." Hatcher, however, offers no argument or citation to any legal authority in support of this claim; therefore, we need not address it. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

Ct. 1376, 1384 (2012). Therefore, because Hatcher failed to satisfy his burden and prove that his plea was invalid, *see Molina v. State*, 120 Nev. 185, 190, 87 P.3d 533, 537 (2004), we conclude that the district court did not abuse its discretion by denying his motion, *Johnson v. State*, 123 Nev. 139, 144, 159 P.3d 1096, 1098 (2007). Accordingly, we

ORDER the judgment of conviction AFFIRMED.



_____, J.
Pickering

_____ J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Carolyn Ellsworth, District Judge
       Creed & Giles, Ltd.
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk